UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORNERSTONE MINISTRIES INVESTMENTS, INC. | ) ) | Case No. 08-20355-reb |
| | ) | |
| Debtor. | ) | Judge Brizendine |
| _____ | ) | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF CREDITORS HOLDING
UNSECURED CLAIMS FOR AN ORDER UNDER 11 U.S.C. §§ 328 AND 1103
AND RULE 2014 OF THE FEDERAL ULES OF BANKRUPTCY PROCEDURES
FOR AN ORDER AUTHORIZING THE RETENTION OF HAYS FINANCIAL
CONSULTING LLC AS FINANCIAL ADVISOR AND ACCOUNTANT**

The Official Committee of Creditors Holding Unsecured Claims (the "Committee") appointed in the above-captioned Chapter 11 case submits this application (the "Application") for an order authorizing the Committee to retain and employ Hays Financial Consulting LLC ("Hays") effective as of March 10, 2008 as its financial advisor and accountant pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Committee submits the Affidavit of Christopher J. Tierney (the "Tierney Affidavit"), a Managing Director with Hays, attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On February 10, 2008 (the "Petition Date"), Cornerstones Ministries Investments, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.      The Debtor is acting as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4.      On February 27, 2008, the United States Trustee, pursuant to Section 1102 of the Bankruptcy Code, appointed the Committee and designated the following seven members to serve: (i) Donald R. Labate; (ii) Huntleigh Securities Corporation; (iii) Mason Memorial Church; (iv) E.R. Jones Management, Inc.; (v) Ray Hill III; (vi) Donald A. and Joan E. Sievenpiper; and (vii) Linden Presbyterian Church. On March 10, 2008, the Committee selected Hays as its financial advisor and accountant.

## HAYS' QUALIFICATIONS AND SERVICES TO BE PROVIDED

5.      The Committee has selected Hays as its financial advisor and accountant because of the expertise and experience of Hays' professionals in representing parties in bankruptcy cases and, specifically, in representing creditors' committees in chapter 11 cases. Professionals at Hays have previously represented or currently represent debtors, trustees, and creditors' committees in a number of significant bankruptcy proceedings, both inside and outside this district.

6.      Pursuant to the engagement letter (the "Engagement Letter") with Hays attached hereto as Exhibit B, Hays will:

- Assist and advise the Committee in the analysis of the current financial position of the Debtor;

- Assist and advise the Committee in its analysis of the Debtor's business plans, cash flow projections, restructuring programs, operating and general administrative structure and other reports or analyses prepared by the Debtor

2

or its professionals in order to assist the Committee in its assessment of the business viability of the Debtor, the reasonableness of the Debtor's projections and underlying assumptions and the impact of market conditions on forecasted results of the Debtor;

- Assist and advise the Committee in its analysis of proposed transactions, and other matters for which the Debtor may seek Bankruptcy Court approval including, but not limited to, use of cash collateral, assumption/rejection of leases and other executor contracts, management compensation and/or retention of professionals and severance plans;

- Assist and advise the Committee in its analysis of the Debtor's internally prepared financial statements and related documentation, in order to evaluate performance of the Debtor as compared to the Debtor's projected results;

- Assist and advise the Committee and its counsel in the development, evaluation and documentation of any plan(s) of reorganization, liquidation, or strategic transaction(s), including developing, structuring and negotiating the terms and conditions of potential plan(s) or strategic transaction(s) including the value of consideration that is to be provided to creditors generally thereunder;

- Assist and advise the Committee in its analysis of the Debtor's hypothetical loan and/or asset plan(s) under various scenarios;

- Assist and advise the Committee in such other services, including but not limited to, tax services, general accounting services, valuation assistance, corporate finance advice, Committee communications;

- Attend and advise at meetings and court hearings with the Committee and its counsel and representatives of the Debtor;

- Provide other such services, as requested by the Committee and agreed by HFC.

These responsibilities are collectively referred to herein as the "Core Hays' Responsibilities."

As set forth below, Hays may, from time to time, be requested to perform activities outside of Core Hays' Responsibilities.

## CONSIDERATION TO BE PAID TO HAYS

7. The Committee has negotiated with and agreed to a fixed fee arrangement with Hays for Hays' performing the Core Hays' Responsibilities on the following payment schedule:

3

|  |  |
|---|---|
| March 2008 | $45,000.00 |
| April & May 2008 | $50,000.00/month |
| June, July, & August 2008 | $40,000.00/month |
| September 2008 onward | $30,000.00/month |

8.  It is also contemplated that, in the course of its engagement, Hays' may be requested by the Committee to perform responsibilities that are outside of the Core Hays' Responsibilities, in which case the Committee has agreed that Hays' will charge hourly rates as follows:

| Level | Rate |
|---|---|
| Managing Principal/Director | $300 to $350 |
| Director | $200 to $300 |
| Manager | $100 to $250 |
| Senior Associate/Associate | $75 to $150 |
| Administrative Staff | $50 to $75 |

9.  In addition to the fees set forth above, the Committee and Hays have agreed that Hays will be reimbursed for its reasonable expenses, including travel, report production, delivery services and other costs incurred in providing the services set forth in the Engagement Letter. Hays will also charge for time incurred traveling to and from destinations (other than within the Greater Metro Atlanta area) as required and approved by the Committee. This time will be billed at one-half the professional's stated rate. In addition, in the ordinary course of business, Hays revises its hourly rates to reflect promotions and other changes in personnel responsibilities as they occur, and annually reviews its hourly rates in December of each year effective the following January.

### DISCLOSURE CONCERNING CONFLICTS OF INTEREST

10.  To the best of the Committee's knowledge, information, and belief, other than as set forth in the Tierney Affidavit, Hays' has not represented and has no relationship with: (i) the Debtor, (ii) its respective creditors and equity security holders; (iii) any other parties in interest in

this case, (iv) the respective attorneys and accountants of any of the foregoing, or (v) the United States Trustee or any other person employed in the Office of the United States.

## FEE APPLICATIONS AND INTERIM PAYMENTS

11.     Hays has received no compensation from the Debtor or any other party in interest in connection with this case.

12.     Pursuant to section 331 of the Bankruptcy Code, the Bankruptcy Rules, and any orders of this Court, Hays will apply to the Court for interim and final allowance of Compensation and reimbursement of expenses.

## BASIS FOR RELIEF

13.     Section 1103(a) of the Bankruptcy Code provides, in relevant part, that the Committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a).

14.     In addition, section 328(a) of the Bankruptcy Code provides, in relevant part, that the Committee:

> may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of fixing such terms and conditions.

11 U.S.C. § 328(a).

15.     Bankruptcy Rule 2014 provides, in relevant part, as follows:

5

> An order approving the employment of . . . professionals pursuant to . . . § 1103 . . . of the Code shall be made only on application of the trustee or committee.

*See* Bankruptcy Rule 2014.

16. The Committee respectfully submits that the Committee's employment of Hays on the terms set forth in the Engagement Letter are in the best interest of the Debtor, its estate, and its creditors and requests that this Court enter an Order approving this Application.

Dated: April 1, 2008

**Official Committee of Creditors Holding Unsecured Claims of Cornerstone Ministries Investments, Inc.**

*/s/ Donald Labate*
Donald Labate, Chair
