FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

AUG 25 2010 PM 2:59

M. REGINA THOMAS,
CLERK

BY:_____
DEPUTY CLERK

United States Bankruptcy Court
Northern District of Georgia
Gainesville Division

| | |
|---|---|
| IN RE: ) | Case No. 08-20355 |
| ) | |
| Cornerstone Ministries Investments, Inc., ) | Chapter 11 |
| ) | |
| Debtor. ) | Judge Brizendine |
| ) | |
| ) | <u>Reply of Rebecca James to Plan Administrator's Fifth Omnibus Objection Disallowing Claims Listed in Exhibit A</u> |

Now comes the creditor, Rebecca James, and hereby respectfully Replies to Plan Administrator's Fifth Omnibus Objection to Creditor's Proof of Claim listed in Exhibit A. Rebecca James purchased bonds through Great Nation Investment Corporation which were then transferred to Colonial Trust Company and finally to GoldStar Trust. (See attached Exhibit A). The Creditor received a statement from Debtor dated 12/31/2007 stating at on April 28, 2008 the value of her bond is $7099.97. (See attached Exhibit B). Debtor's fraudulent activities and mishandling of its accounts does not allow Debtor or Plan Administrator's for Debtor's bankruptcy to disallow claims. Furthermore, Creditor's claim should be non-dischargeable as Debtor receive the funds through fraud.

Wherefore, the creditor Rebecca James moves the Plan Administrator's Fifth Omnibus Objection to Disallow creditor's claim be Denied. Furthermore, Creditor requests that she be allowed to appear at

the hearing by telephone as creditor is elderly and lives in another state and traveling to Georgia is expensive and Debtor is the reason Creditor does not have any savings.

Respectfully Submitted,

_____

Rebecca James

## MEMORANDUM

### FACTS

Creditor began investing through Colonial Trust Company in April 1997. Creditor purchased this bond issued by Debtor company on April 28, 2003 bond number 2585. (See attached Exhibit A). Bonds matured on April 1, 2008. At the time of maturity, the bond was worth $7099.97. Debtor lied to Creditor to entice creditor to purchase the bonds. Debtor sent newsletters stating that the money was used for various projects such as nursing homes and church building. Debtor purposefully misled the Creditor as well as other bond holders as to where the Debtor was investing the money and how the money was being managed. Creditor has not been paid on the bond.

### LAW

11 U.S.C. §502 states:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that-
   (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is

contingent or unmatured;

(2) such claim is for unmatured interest;

(3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;

(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;

(5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523 (a)(5) of this title;

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds-

   (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of-

      (i) the date of the filing of the petition; and

      (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

   (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds-

   (A) the compensation provided by such contract, without acceleration, for one year following the earlier of-

      (i) the date of the filing of the petition; or

      (ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

   (B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

(8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or

(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726 (a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

11 U.S.C. §523 states:

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt-

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-

      (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

      (B) use of a statement in writing-

         (i) that is materially false;

         (ii) respecting the debtor's or an insider's financial condition;

         (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

         (iv) that the debtor caused to be made or published with intent to deceive;

**ARGUMENT**

The Plan administrator has no basis which to object to creditor's proof of claim. The Plan administrator fails in his Fifth Omnibus Objection to identify which section of 11 U.S.C. §502 is the basis of his objection. The Plan administrator is also aware that Creditor is an individual that lives in the State of Ohio and traveling to Georgia puts a financial strain on Creditor. Creditor however is entitled to have her claim paid. Furthermore, Creditor Objects to

the Discharge of any portion of her claim due to obtaining Creditor's money through false pretenses and fraud under 11 U.S.C. §523(a)(2).

Wherefore, the Creditor requests that the Plan Administrator's Objection be Denied and Plan Administrator be charged with the costs of Defending the claim.

Respectfully Submitted,

*Rebecca E. James*
Rebecca E. James

CERTIFICATE OF SERVICE

The Foregoing Objection was sent by Regular U.S. Mail this 18th day of August 2010 to David J/ Marmins, Balch & Bingham LLP, 30 Ivan Allen Jr. Blvd., Suite 700, Atlanta, Georgia 30308.

*Rebecca E. James*
Rebecca James



**CORNERSTONE**
*Ministries Investments, Inc.*

2450 ATLANTA HIGHWAY, SUITE 903
CUMMING, GA 30040
(678) 455-1100

**Statement**
**As Of 12/31/2007**

Rebecca E. James - CTC
2404 Cheyenne Blvd. Apt 6
Toledo, OH 43614-1725

**BROKER**
Commonwealth-Unruh

| BOND #: | ISSUE DATE: | MAT DATE: | INT RATE: | INT PAID | PRINCIPAL: | UNPAID ACCD INT: | VALUE: |
|---|---|---|---|---|---|---|---|
| 2585 | 04/28/2003 | 04/01/2008 | 9.00% | At Maturity | 4,704.00 | 2,395.97 | 7,099.97 |
| **DEBT TOTALS:** | | | | | **4,704.00** | **2,395.97** | **7,099.97** |

# GOLDSTAR
## TRUST COMPANY

P.O. Box 719
Canyon, Texas 79015-0719

PAGE: 1

Rebecca E James
2404 Cheyenne Blvd Apt 6
Toledo          OH 43614-1725

STATEMENT PERIOD    01-01-2008 TO 12-31-2008
ACCOUNT #           R785186138 /00006
YOUR ACCOUNT REPRESENTATIVE IS:
DWAINE UNRUH

## IRA STATEMENT OF ACCOUNT
## TRADITIONAL IRA

### * * * * * ACCOUNT PORTFOLIO * * * * *

| ASSET TYPE | BEGINNING COST BASIS | NET CHANGE | ENDING COST BASIS |
|---|---|---|---|
| CASH | 7.09 | .13 | 7.22 |
| PROMISSORY NOTES | 4,704.00 | .00 | 4,704.00 |
| TOTAL ASSETS | 4,711.09 | .13 | 4,711.22 |

### * * * * * DIVIDEND, INTEREST, AND/OR CHARGE INFORMATION * * * * *

|  | YEAR TO DATE |
|---|---|
| INTEREST INCOME | .13 |

### * * * * * LISTING OF TRANSACTIONS FOR THE PERIOD * * * * *

| TRAN-DATE | ASSET-CATEGORY/CODE | ASSET-NUMBER | ASSET-DESCRIPTION REFER TRANSACTION-DESCRIPTION | ACTIVITY-CODE YEAR | PRICE | QUANTITY | AMOUNT | EF |
|---|---|---|---|---|---|---|---|---|
| 01/31/2008 | 0-Cash | 1-Cash | 005347 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .02 | + |
| 02/29/2008 | 0-Cash | 1-Cash | 006338 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .01 | + |
| 03/31/2008 | 0-Cash | 1-Cash | 007404 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .01 | + |
| 04/30/2008 | 0-Cash | 1-Cash | 008462 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .01 | + |
| 05/31/2008 | 0-Cash | 1-Cash | 009464 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .01 | + |
| 06/30/2008 | 0-Cash | 1-Cash |  | 809-ACCRUE MAINTENANCE FEE |  |  |  |  |
|  |  |  | 435024 ACCRUE ANNUAL MAIN- 5/08- 5/09 2008 |  |  |  | 40.00 |  |
| 06/30/2008 | 0-Cash | 1-Cash | 010502 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .01 | + |
| 07/31/2008 | 0-Cash | 1-Cash | 074502 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .01 | + |
| 08/31/2008 | 0-Cash | 1-Cash | 012545 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .01 | + |
| 09/30/2008 | 0-Cash | 1-Cash | 013632 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .01 | + |
| 10/31/2008 | 0-Cash | 1-Cash | 014757 INTEREST EARNED FROM CASH | 301-INTEREST INCOME |  |  | .01 | + |

goldstartrust.com                                    (800) 486-6888

PAGE: 2

Rebecca E James

STATEMENT PERIOD   01-01-2008 TO 12-31-2008
ACCOUNT #         R785186138  /00006
YOUR ACCOUNT REPRESENTATIVE IS:
DWAINE UNRUH

| TRAN-DATE | ASSET-CATEGORY/CODE | ASSET-NUMBER | ASSET-DESCRIPTION REFER TRANSACTION-DESCRIPTION | ACTIVITY-CODE YEAR PRICE | QUANTITY | AMOUNT | EF |
|---|---|---|---|---|---|---|---|
| 11/30/2008 | 0-Cash | 1-Cash | 015819 INTEREST EARNED FROM CASH | 301-INTEREST INCOME | | .01 | ÷ |
| 12/31/2008 | 0-Cash | 1-Cash | 016906 INTEREST EARNED FROM CASH | 301-INTEREST INCOME | | .01 | ÷ |

* * * * *  S U M M A R Y   O F   I N V E S T M E N T S  * * * * *

| MONEY ACCOUNTS | ASSET NUMBER | TYPE | RATE | MAT DATE | BEG COST BASIS | YTD INCOME | COST BASIS | MARKET VALUE |
|---|---|---|---|---|---|---|---|---|
| CORNERSTONE MINISTRIES INC | 2585 | CI | 9.000 | 04/01/2008 | 4,704.00 | .00 | 4,704.00 | 7,257.97 |
| | | | | | 4,704.00 | .00 | 4,704.00 | 7,257.97 |
| UNINVESTED CASH | | | | | | .00 | 7.22 | 7.22 |
| TOTAL ASSETS (FMV*) | | | | | | .00 | 4,711.22 | 7,265.19 * |

*** TOTAL MAINTENANCE FEES DUE                                                                     40.00
*** LATE FEES INCURRED                                                                              1.67
                                                                                                   ------
                                                                                                   41.67

PLEASE SUBMIT A CHECK MADE PAYABLE TO GOLDSTAR TRUST COMPANY FOR THE TOTAL
SHOWN ABOVE TO AVOID ANY ADDITIONAL INTEREST INCURRED ON UNPAID FEES.

*** GoldStar is required to report the value of your Retirement Account, as of 12/31/2008, to the Internal Revenue Service. ***

*** IRA statements and forms are available online at www.goldstartrust.com. Please contact our Investor Services
Department at (800) 486-6888 to establish a password for online access to your account. ***

*** Traditional and Roth IRA maximum contribution limits for 2009 are $5,000 per individual. Individuals age 50 or older
in 2009 may contribute an additional $1,000 as a "catch-up contribution." Please write on your contribution check(s) the
year that the contribution is intended. ***

GoldStar Trust Company

Canyon Texas 79015-0719                                                                (800) 486-6888

# CONFIRMATION OF PURCHASE

**PIF/Cornerstone Ministries Investments, Inc.**
**Certificate of Indebtedness**
2450 Atlanta Highway, Suite 903, Cumming, GA 30040
(678) 455-1100

**BOOK ENTRY**

(Certificates are not issued, but entered as book entry at
Transfer Online, Portland, Oregon)

Thanks for your partnership with us! Your investment is confirmed as follows:

**REGISTRATION:**

Colonial Trust Co. FBO:
Rebecca E. James
P.O. Box 33487
Phoenix                AZ 85067

| AMOUNT: | ISSUE DATE: | MATURITY DATE: | CERTIFICATE #: |
|---|---|---|---|
| $4,704.00 | 4/28/2003 | 4/1/2008 | 2585 |

**TYPE OF CERTIFICATE:**

Rate:                    9.00%
Payment Schedule:        At Maturity
Compounding Schedule:    Semi-Annually

**OTHER REMARKS:**
Commonwealth-Unruh

