**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO. |
| | ) | 08-20355 |
| CORNERSTONE MINISTRIES | ) | |
| INVESTMENTS, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | JUDGE BRIZENDINE |
| _____ | ) | |

**MOTION FOR AUTHORITY TO SETTLE AND COMPROMISE CLAIMS AGAINST THE ESTATE OF CECIL A. BROOKS, THE COVENANT FAMILY TRUST UAD 12/19/2008 AS AMENDED 5/1/2009, AND JANE C. BROOKS**

Ronald L. Glass in his capacities as Plan Administrator in the above-referenced bankruptcy case of Cornerstone Ministries Investments, Inc. (the "Plan Administrator") and as Private Actions Trustee of the CMI Private Actions Trust (the "Private Actions Trustee" and, together as the "Settling Plaintiffs' Representative"), by his counsel, hereby files this motion ("Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting that this Court: (i) approve the terms of compromise described herein, and more specifically set forth in the Settlement Agreement, Mutual Release and Covenants attached hereto as Exhibit A (the "Settlement Agreement"); and (ii) enter an Order, substantially in the form attached hereto as Exhibit B authorizing the Settling Plaintiffs' Representative to settle and compromise claims against the Estate of Cecil A. Brooks, the Covenant Family Trust UAD 12/19/2008 as Amended 5/1/2009, and Jane C.

149589.1

Brooks (collectively, the "Settling Defendants"). In support of the Motion, the Settling Plaintiffs' Representative shows the Court the following:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), the Standing Order of Reference of the United States District Court for the Northern District of Georgia, Article X.C of the Plan (undefined capitalized terms are defined below), and Section 11.4 of the Private Actions Trust Agreement.

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) insofar as it seeks to compromise and settle causes of action held by the bankruptcy estate of the above-captioned debtor. This is a non-core proceeding insofar as it seeks to compromise and settle causes of action held by the Private Actions Trust. All non-core proceedings are otherwise related to the above-captioned case under chapter 11 of the Bankruptcy Code.

3. Venue is proper in this district in accordance with 28 U.S.C. § 1409(a).

### Background

4. Cornerstone Ministries Investments, Inc. (the "Debtor" or "CMI") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") on February 10, 2008, docketed as Bankruptcy Case No. 08-20355 (the "Bankruptcy Case").

5. On April 9, 2009, the Court entered an order confirming the Plan of Liquidation proposed by the Debtor and the Official Committee of Creditors Holding Unsecured Claims (the "Plan"). All conditions required for the Plan to become effective have been satisfied or waived

149589.1

in accordance with the Plan and the Plan became effective as of September 25, 2009 (the "Effective Date").

6. Pursuant to Article VII.B.5., this Court must approve the settlement of any Estate Litigation Claim (as defined in the Plan) where the Face Amount (as defined in the Plan) of the Estate Litigation Claim is more than $200,000.  As discussed below, the Face Amount of the Estate Litigation Claims the Plan Administrator seeks to settle in this Motion are greater than $200,000.

7. The Plan Administrator was duly appointed in accordance with the terms of the Plan.  Among other things, the Plan charges the Plan Administrator to liquidate claims of the Debtor's estate.

8. The Plan created the CMI Private Actions Trust (the "Private Actions Trust") that is governed by the CMI Private Actions Trust Agreement (the "Private Actions Trust Agreement").  The Trust holds claims, rights, and causes of action assigned to the Trust.  The Private Actions Trustee is the duly appointed trustee of the Private Actions Trust.

9. Pursuant to Section 3.12(j) of the Private Actions Trust Agreement, the Private Actions Trustee, in consultation with and subject to the Private Actions Trust Committee (as defined in the Private Actions Trust Agreement), may compromise and settle any causes of action held by the Private Actions Trust.

10. The Settling Plaintiffs' Representative has evaluated certain claims that may be held by the Debtor's estate and/or the Private Actions Trust against the Settling Defendants arising out of Cecil A. Brooks's acts and omissions as a former CMI officer and director, and the Settling Defendants' status as recipients of certain transfers from CMI and/or Cecil A. Brooks.  Based on his review, the Settling Plaintiffs' Representative believes these claims, including

breach of fiduciary duty, fraud, securities fraud, negligent misrepresentation, and avoidance of fraudulent transfers, have merit and initiated pre-suit settlement negotiations with the Settling Defendants. The Settling Defendants deny that they have any liability to the Debtor's estate, the Private Actions Trust, or any other person or entity.

### The Compromise and Settlement

11. The Settling Plaintiffs' Representative and the Settling Defendants wish to avoid the uncertainties and expense of litigation and desire to settle, compromise, and forever resolve the claims the Debtor's estate and the Private Actions Trust may have against the Settling Defendants. The Settling Plaintiffs' Representative and the Settling Defendants have engaged in arms-length, good faith negotiations in reaching an acceptable resolution of all such disputes, with such negotiations culminating in this settlement being submitted for this Court's approval.

12. The material term of the parties' agreement which could impact the Debtor's bankruptcy estate and the Private Actions Trust is that in exchange for release of the claims held by the Debtor's estate and the Private Actions Trust against the Settling Defendants, the Settling Defendants have agreed to pay to the Settling Plaintiffs' Representative, collectively as administrator of the Plan and trustee of the Trust, the sum of One Million, Three Hundred and Fifty Thousand and 00/100 Dollars ($1,350,000.00) (the "Settlement Amount").

13. The allocation of the Settlement Amount between the Debtor's estate and the Private Actions Trust will be the subject of a separate motion to be filed by the Plan Committee established by the Plan. The terms of settlement are expressly conditioned upon this Court's prior approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019.

14. The terms of settlement are more specifically described in the attached Settlement Agreement (Exhibit A) that is submitted contemporaneously for this Court's review and approval.

## Legal Authority and Analysis

15. Bankruptcy Rule 9019 provides that upon the filing of a motion, and after appropriate notice and a hearing thereon, the court may approve a compromise and settlement. Fed. R. Bankr. P. 9019. A compromise should be approved if the court determines, after considering all of the facts, that the compromise is in the best interest of the estate. *See In re Feifer Industries, Inc.*, 155 B.R. 256, 260 (Bankr. N.D. Ga. 1993).

16. In the Eleventh Circuit, courts evaluating a proposed settlement under Bankruptcy Rule 9019 must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Chira v. Salkin (In re Chira)*, 567 F.3d 1307, 1312 (11th Cir. 2009) (citing *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990) (quoting *Martin v. Kane* (*In re A & C Prop.*), 784 F.2d 1377, 1381 (9th Cir. 1986)). Courts should consider these factors to determine "the fairness, reasonableness and adequacy of a proposed settlement agreement." *Id.* at 1312-13 (citing *In re A & C Prop.*, 784 F.2d at 1381).

17. The Settling Plaintiffs' Representative has asserted that the Debtor's estate has viable claims and causes of action against the Settling Defendants for, *inter alia*, breach of fiduciary duty, fraud, negligent misrepresentation and fraudulent conveyances. The Settling Plaintiffs' Representative has also asserted that the Private Actions Trust has viable claims and

149589.1

5

causes of action against the Settling Defendants for fraudulent conveyances, violations of state and federal securities laws, and fraudulent and/or negligent misrepresentations to the CMI bondholders that assigned their claims to the Private Actions Trust.

18. The Settling Defendants have asserted numerous potentially available defenses to the potential claims and causes of action to be asserted by the Settling Plaintiffs' Representative. The Settling Defendants also have limited insurance proceeds available to settle or pay a judgment.

19. The Settling Plaintiffs' Representative, after investigation, believes that some, but not all, of the Settling Defendants assertions may have merit, and that to the extent such assertions prevail after costly and time-consuming litigation, the net benefit to the Debtor's estate and the Private Actions Trust in this matter may be materially diminished. Although the Settling Plaintiffs' Representative believes that his claims have substantial merit, the Settling Plaintiffs' Representative acknowledges that fraudulent conveyance liability and the ability to collect on a judgment are rarely certain. Further, the prosecution of such claims would likely be expensive and protracted.

20. A pre-suit settlement will also save the Estate's creditors and Trust beneficiaries significant attorneys' fees. Under the contingency arrangement the Settling Plaintiffs' Representative has negotiated with post-confirmation special counsel, Reid Davis LLP ("Reid Davis"), Reid Davis has agreed to charge half its normal contingency fee rate for services that

produce a pre-suit settlement.[1]  Thus, a pre-suit settlement provides significantly more net value to the Estate's creditors and Trust beneficiaries than a post-suit resolution in the same amount.[2]

21.     Moreover, the Settling Plaintiffs' Representative believes that there would be difficulties in collecting any final judgment on his claims against the Settling Defendants.  The Settling Defendants have limited, if any, remaining coverage under the director and officer liability insurance policy available to former directors and officers of CMI.  The policy limit for such policy is $3,000,000.00 in coverage for all officer and directors, and prior settlements between Settling Plaintiffs' Representative and certain other former officers and directors of CMI have resulted in a settlement for $2,980,000 of the $3,000,000 in total available policy proceeds.  Thus, Setting Defendants are without sufficient insurance proceeds to settle or satisfy a judgment in this case.

22.     The Settling Plaintiffs' Representative submits that approval of the compromise and settlement described herein is in the best interest of the Debtor's bankruptcy estate, the Debtor's creditors, the Private Actions Trust, and the beneficiaries of the Private Actions Trust.  The settlement described herein eliminates all litigation risks, costs and delays, and ends this dispute.

23.     The Settling Plaintiffs' Representative and the Settling Defendants reserve the right to assert additional support for the relief requested herein at any hearing on this joint motion.

---

[1]     Reid Davis, subject to the terms of its letter of engagement, has agreed to accept a contingency fee of 20% of gross recoveries for matters which are settled pre-suit and 40% of gross recoveries for certain matters in which litigation is commenced.

[2]     Net proceeds of this settlement after payment of Reid Davis' contingency fee will be approximately $1.08 million (*i.e.*, $1.35 million * 0.80).  If suit were actually filed, the Settling Plaintiffs' Representative would need to realize $1.8 million in proceeds from the action to create the same net proceeds based upon the higher contingency rate (*i.e.*, $1.8 million * 0.60 = $1.08 million).

24. The Settlement Amount, less a fee equal to $270,000 to be paid by the Settling Plaintiffs' Representative to Reid Davis as post-confirmation contingency fee counsel in this matter promptly upon entry of an order approving this Motion, will be held in trust by the Settling Plaintiffs' Representative pending the Court's approval of an allocation of the Settlement Amount between the Debtor's estate and the Trust. Such allocation will be requested by the Plan Committee, as defined in the Plan, by separate motion.

WHEREFORE, PREMISES CONSIDERED, the Settling Plaintiffs' Representative respectfully requests that the Court grant this Motion, thereby approving and consenting to the terms and conditions of the Settlement Agreement attached as <u>Exhibit A</u>, and enter an order substantially in the form of that attached hereto as <u>Exhibit B</u>. The Settling Plaintiffs' Representative further requests authorization to execute any and all other documents necessary to effectuate the terms of the proposed settlement, and for such other relief as is just and necessary.

Dated: September 7, 2010

/s/ David J. Marmins
David J. Marmins
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Boulevard, NW, Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (866) 320-6793

*Attorney for Ronald L. Glass*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing MOTION FOR AUTHORITY TO SETTLE AND COMPROMISE CLAIMS AGAINST THE ESTATE OF CECIL A. BROOKS, THE COVENANT FAMILY TRUST UAD 12/19/2008 AS AMENDED 5/1/2009, AND JANE C. BROOKS and PROPOSED ORDER with the Clerk of the Court using the CM/ECF system, which sent notification to all counsel of record via the CM/ECF filing system on the 7th day of September, 2010.

This 7th day of September, 2010.

        s/ David J. Marmins
        David J. Marmins
        Georgia Bar No. 470630
        BALCH & BINGHAM LLP
        30 Ivan Allen Jr. Blvd., Suite 700
        Atlanta, Georgia 30308
        Telephone: (404) 261-6020
        Facsimile: (404) 261-3656